*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* MANSHARAMANI.

---

RITA MANSHARAMANI and KARUNA
MANSHARAMANI,

      Appellants,

v

HEITMANIS LAW GROUP, PLLC,

      Appellee.

UNPUBLISHED
December 19, 2024
2:50 PM

No.  368991
Macomb Probate Court
LC No.  2019-232060-TV

---

Before:  N. P. HOOD, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

In this trust action, appellants appeal as of right the probate court's order granting appellee's petition regarding the transfer of money from the trust and to compel production of appellants' identification information.  We affirm.

## I.  BACKGROUND FACTS AND PROCEDURAL HISTORY

The facts underlying this appeal are not complicated.  Appellants are the beneficiaries of two respective special needs trusts that provide for their continuing financial support.  Appellee is the trustee of both trusts.  On November 14, 2023, the probate court entered an order granting appellee's petition regarding its administration of the trust.  Specifically, the probate court ordered appellants to produce certain personal identification that appellee needed in order to invest the trust money.  The trial court also granted appellee's petition to use trust money to reimburse one of the appellants for a credit card bill she had incurred.  Appellants appeal this order.

-1-

## II. TERMINATION OF THE SPECIAL-NEEDS TRUSTS

Appellants appear to argue on appeal that the probate court erred by failing to dissolve their special needs trusts.[1] We disagree.

### A. STANDARD OF REVIEW

"The probate court's decisions are generally reviewed for an abuse of discretion." *In re Estate of Huntington*, 339 Mich App 8, 17; 981 NW2d 72 (2021). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). Additionally, "[a] court necessarily abuses its discretion when it makes an error of law." *In re Guardianship of Gordon*, 337 Mich App 316, 318; 975 NW2d 114 (2021). "We review de novo issues of statutory interpretation, which are questions of law." *In re Conservatorship of Murray*, 336 Mich App 234, 239; 970 NW2d 372 (2021).

### B. LAW AND ANALYSIS

Appellants' arguments on appeal are difficult to follow and fail to address the merits of the order appealed. Because appellants do not address the merits of their assertions of error, they have abandoned their arguments on appeal and are therefore not entitled to relief. *In re Murray*, 336 Mich App at 260 ("A party abandons an issue by failing to address the merits of his or her assertions.").

Even if we were to consider appellants' challenge to the probate court's failure to dissolve their special-needs trusts, this challenge lacks merit.

> A special needs trust, also known as a supplemental needs trust, may be set up to provide for a disabled individual's extra and supplemental needs other than food, shelter, and health care [sic] expenses that may be covered by public assistance benefits that the trust beneficiary may be eligible to receive under various programs. [*Hegadorn v Dep't of Health & Human Servs*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 356756); slip op at 13 n 6 (citation and quotation marks omitted).]

Such trusts permit a disabled beneficiary to recover assets without disqualifying them for government assistance, such as Medicaid or Social Security benefits. *Id*. at ___; slip op at 5.

The Michigan Trust Code, MCL 700.7101 *et seq*., which is encompassed within the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*., delineates the circumstances that permit the termination of a trust. For example, MCL 700.7410(1) allows the termination of a trust if its purpose no longer exists or becomes impossible to achieve. MCL 700.7411 details the

---

[1] Appellants filed an earlier appeal to this Court which raised similar arguments. *In re Chandu Mansharamani Living Trust*, unpublished per curiam opinion of the Court of Appeals, issued October 20, 2022 (Docket No. 356780), p 4. We affirmed the probate court's order in the earlier appeal. *Id*. at 9.

framework for modification or termination of a noncharitable irrevocable trust. And, MCL 700.7412 describes the modification or termination of trust due to changed circumstances, impracticality, or in furtherance of settlor's stated purpose or probable intention. Appellants' arguments on appeal are meritless because they have not identified any statutorily provided circumstance that warrants the dissolution of their trusts.

Affirmed.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Anica Letica